McLeod *et al.*, Trustees Moss Point Public Schools, *v.* State *ex rel.* Colmer, Dist. Atty.

(Division B. June 3, 1929.)

[122 So. 737. No. 27867.]

470

F. S. McInnis, of Moss Point, and *Ford, White, Graham & Gautier,* of Gulfport, for appellants.

*H. B. Everitt,* of Pascagoula, for appellee.

ANDERSON, J., delivered the opinion of the court.

The state, by William Colmer, district attorney of the second judicial district, brought this action on the

relation of Wanda Dodge Myers, a minor, by her next friend, Walter Crierson, against the board of trustees of the public schools of Moss Point, for a writ of mandamus to compel such trustees to admit said Wanda Dodge Myers as a pupil in the high school department of said public schools. The cause was tried on the petition for the writ of mandamus, and the answer thereto of the school trustees, the petition and answer raising no issue of fact, but questions of law alone. A judgment was rendered directing the issuance of a writ of mandamus as prayed for; from that judgment the school trustees appealed.

The school trustees of the Moss Point public schools adopted an ordinance, barring from the schools married persons, although in all other respects eligible to attend the schools. Wanda Dodge Myers was between fifteen and sixteen years of age, and married, but otherwise eligible. She desired to attend the high school department of the Moss Point public schools for the session of 1928-1929. She made application to do so, and was enrolled as a pupil in the high school department, but later, and before the opening of the schools, it was discovered by the superintendent that she was married, and thereupon she was denied admittance. The question is whether the ordinance under which she was denied admittance was valid. Section 201 of the Constitution provides as follows:

"It shall be the duty of the legislature to encourage, by all suitable means, the promotion of intellectual, scientific, moral, and agricultural improvement, by establishing a uniform system of free public schools, by taxation or otherwise, for all children between the ages of five and twenty-one years, and, as soon as practicable, to establish schools of higher grade."

The high schools established under the laws of this state are a part of the system of uniform public free

schools provided for by the Constitution. They come within the definition of "schools of a higher grade."

Section 161, chapter 283, Laws of 1924 (section 8817, Hemingway's Code), the school code provides as follows: "Every parent, guardian or other person in the state of Mississippi having control or charge of any child or children between the ages of seven and sixteen years of age inclusive, shall be required to send such child or children to public day school or to a private, denominational or parochial day school taught by a competent instructor, and such child or children shall attend school for at least eighty days (80) during each and every scholastic year; provided that the period of compulsory attendance for each school shall commence at the beginning of the school, unless otherwise ordered by a board of trustees of a municipal separate school district for the schools of that district, or by the county school board for other schools in the county coming under the provisions of this act."

Paragraph 1 of section 126 of the Laws of 1924 (Hemingway's Code 1927, section 8767) empowers school trustees: "To prescribe and enforce rules, not inconsistent with law or those prescribed by the state board of education, for their own government and government of schools, and to transact their business at regular and special meetings called for such purpose, notice of which shall be given each member."

And paragraph 15 of section 126, chapter 283, Laws of 1925 (section 8767, Hemingway's Code 1927): "To have authority and it shall be their duty to suspend or dismiss pupils, when the best interests of the schools make it necessary."

Section 201 of the Constitution does not deprive the legislature of the power to pass laws authorizing trustees of public schools to make reasonable rules and regulations for the government and conduct of such schools. If the trustees were not given such authority, the result

might be, in some instance, on account of the insubordination of pupils, to so disrupt the schools as to destroy their usefulness and thereby defeat the constitutional scheme. Although the constitutionality of such laws was not directly passed upon in *Hobbs* v. *Germany,* 94 Miss. 469, 49 So. 515, 22 L. R. A. (N. S.) 983, and *Jones* v. *Day,* 127 Miss. 136, 89 So. 906, 18 A. L. R. 645, they were recognized by the court as valid regulations.

The compulsory education provision of the school code, and the other provisions above set out, should be construed together. So construed, they do not mean that a child is entitled to attend a public school regardless of his conduct, but, on the contrary, that it is subject to such reasonable rules for the government of the school as the trustees thereof may see fit to adopt.

The court will not interfere with the exercise of discretion of school trustees in matters confided by law to their discretion, unless there is a clear abuse of discretion or a violation of law. The court will not consider whether such rules and regulations are wise or expedient, but merely whether they are a reasonable exercise of the authority conferred upon the trustees by law. It is peculiarly within the province of the trustees to determine what things are detrimental to the successful management, good order, and discipline of the schools in their charge, and the rules required to produce those conditions. The presumption is always in favor of the reasonableness and propriety of any such rule. Their reasonableness, however, is a question of law for the courts. 24 R. C. L., pp. 575, 576, section 24.

The question, therefore, is whether or not the ordinance in question is so unreasonable and unjust as to amount to an abuse of discretion in its adoption. No case directly in point is referred to in the briefs. The ordinance is based alone upon the ground that the admission of married children as pupils in the public schools

of Moss Point would be detrimental to the good government and usefulness of the schools. It is argued that marriage emancipates a child from all parental control of its conduct, as well as such control by the school authorities; and that the marriage relation brings about views of life which should not be known to unmarried children; that a married child in the public schools will make known to its associates in schools such views, which will therefore be detrimental to the welfare of the school. We fail to appreciate the force of the argument. Marriage is a domestic relation highly favored by the law. When the relation is entered into with correct motives, the effect on the husband and wife is refining and elevating, rather than demoralizing. Pupils associating in school with a child occupying such a relation, it seems, would be benefited instead of harmed. And, furthermore, it is commendable in married persons of school age to desire to further pursue their education, and thereby become better fitted for the duties of life. And they are as much subject to the rules of the school as unmarried pupils, and punishable to the same extent for a breach of such rules.

We are of opinion that the ordinance in question is arbitrary and unreasonable, and therefore void.

*Affirmed.*