Judy Rae ANDERSON et vir, Appellants,

v.

CANYON INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 7751.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 28, 1967.

Walter P. Wolfram, Amarillo, for appellants.

Lair, Williams & Cox, Canyon, A. W. Lair, Canyon, of counsel, for appellees.

DENTON, Chief Justice.

This is an appeal from an order denying a Writ of Mandamus to compel the officials of the Canyon Independent School District to admit Judy Rae Anderson as a student in the Junior High School of that school district.

The facts are substantially undisputed. Judy Rae Anderson is sixteen years of age. She withdrew from the ninth grade of an Amarillo Junior High School on December 21, 1966 and on December 28, following, she married James Anderson. They established their residence in Canyon, Texas on January 1, 1967. She applied for admission in the Canyon Junior High School in early January and was denied admission by the school authorities. She was denied admission solely because of a rule previously established by appellees which read: "Students who marry during the school term must withdraw from school for the remainder of the school year." Appellees concede she is qualified in all other respects to be admitted as a student.

Unquestionably, Article 2780, Vernon's Ann.Tex.Civ.St. gives the school trustees broad powers to govern and manage the affairs of the schools under its jurisdiction. Generally the courts will not interfere with rules and regulations promulgated by school authorities unless such rules and regulations reveal a clear abuse of powers and discretion. McLean Independent School District v. Andrews (Tex.Civ.App.) 333 S.W.2d 886. The provisions of this statute must be considered in the light of other statutes to determine the authority of the trustees to enact a particular rule or regulation. Article 2902, V.A.T.S. provides: "All children, without regard to color, over six years of age and under eighteen years of age at the beginning of any scholastic year, shall be included in the scholastic census and shall be entitled to the

benefit of the public school fund for that year. The board of school trustees of any city or town or independent or common school district shall admit to the benefits of the public schools any person over six and not over twenty-one years old at the beginning of the scholastic year, if such person or his parents or legal guardian reside within said city, town or district." This article not only names those who shall be included in the scholastic census and who are entitled to public school funds, but specifically defines those who are entitled to admission to the public schools. Those so entitled to admission are persons between six and eighteen years of age if such person or his parents or guardian reside within the school district. In interpreting this article, the Houston Court of Civil Appeals held: "Such persons are entitled to admission as a matter of law". Alvin Independent School District v. Cooper (Tex.Civ.App.) 404 S.W.2d 76. Article 2892, V.A.T.S. requires the compulsory school attendance of "every child" who has reached the age of seven and not more than 17 years of age. It is undisputed the appellant does not come within the exception of this act, namely a high school graduate.

Article 2904, V.A.T.S., in addition to giving school trustees power to admit students over and under the scholastic age, under terms they deem proper and just, also provides: "They (trustees) may suspend from the privileges of schools any pupil found guilty of incorrigible conduct, but such suspension shall not extend beyond the current term of the school." There is no suggestion here that appellant's background, conduct or behavior was in any way questioned. As far as this record shows, she has never been enrolled in a school in the Canyon School District. She simply was denied admission because of the fact she was married.

Appellee School District relies principally upon State ex rel. Thompson v. Marion County Board of Education, 302 S.W.2d 57 (Sup.Crt. of Tennessee). There the school board adopted a rule which provided that if any student married during a school term he or she would be automatically "expelled * * * for the remainder of the current term". If the marriage took place during vacation such student would not be "allowed to attend any county school during the term next succeeding". The court upheld the school board's action in suspending the eighteen year old married student. The only statutory basis cited in support of its decision was an article which made it the duty of the board "to suspend or dismiss pupils when the progress or efficiency of the school makes it necessary". Except for the citing with approval of some of the language in the *Thompson* case in Kissick v. Garland Independent School District (Tex.Civ.App.) 330 S.W.2d 708 (Ref. N.R.E.), we have been cited no other case which has followed the Tennessee case above cited. The *Kissick* case is not in point. It involved the construction of a rule preventing married students from participating in certain extra-curricular school activities. It did not involve board action which made marriage, ipso facto, the basis for denial of a student's right to obtain an education. In fact, the decision recognized the married student "had a constitutional right to attend the Garland School and take part in its functions subject to such reasonable rules and regulations as might be adopted by the School Board from time to time".

We think the decisions pronounced in Board of Education of Harrodsburg v. Bentley, 383 S.W.2d 677 (Court of Appeals of Kentucky) and Alvin Independent School District v. Cooper (Tex.Civ.App.) 404 S. W.2d 76, are controlling. In the *Bentley* case the rule promulgated by the School District read: "Any student, either boy or girl, who marries, automatically must withdraw immediately from school and cannot re-enter school for one full year, and then only as a special student with permission of the principal. A special student cannot attend home room or study halls or enter into any class activities, social events or

athletics. If, upon re-entering school after the year has elapsed, the student becomes pregnant, she will automatically withdraw until after the birth of the child." There the High School student was required to withdraw from school when she married during the school term. She was later denied re-admission. The trial court granted a temporary injunction requiring the school board to admit her as a student. In affirming the trial court the court reviewed the pertinent statutes and held: "It is our conclusion that the decision of the trial court is correct; the instant regulation is arbitrary and unreasonable, and therefore void. The fatal vise of the regulation lies in its sweeping, advance determination that every married student, regardless of the circumstances, must lose at least a year's schooling." The court concluded: "The Board's discretion is foreclosed in advance, no matter what the facts. Such prejudgment is unreasonable and arbitrary."

In Alvin Independent School District v. Cooper (supra), the rule under consideration read: "A pupil who marries can no longer be considered a youth. By the very act of getting married, he or she becomes an adult and assumes the responsibility of adulthood. As a married student he or she shall not serve as an officer of the student body or any class or school organization. A married pupil shall not represent the school in an interschool contest or activity and shall not participate in school activities other than regular classes. If a married pupil wants to start her family, she must withdraw from public school. Such a pupil will, however, be encouraged to continue her education in the local adult education program and correspondence courses." In affirming the trial court which required the School District to admit the student, the Houston Court of Civil Appeals reviewed the relative statutes which we have referred to above and held: "We are of the view that appellants were without legal authority to adopt the rule or policy that excludes the mother of a child from admission to the school if she is of an age for which the State furnishes school funds. Appellee was when this suit was filed and tried and is now under 18 years of age." The court concluded the school board had no legal authority to pass and enforce the rule and that the effect of Article 2902 was to entitle persons, otherwise qualified under the statutes, the right to admission as a matter of law.

The school board in the instant case contends the Cooper case is distinguishable in that the rule in that case had the effect of permanently excluding a person coming under such rule from admission in school, while the rule here merely excludes a student temporarily. This is simply a matter of degree and we do not interpret the Cooper case to base its decision on the basis of permanence. The court held the school board had no legal authority to pass the rule for the reason otherwise qualified persons were "entitled to admission as a matter of law". If a student is entitled to admission, the question of the length of exclusion is not material.

A so-called temporary exclusion was passed by the school board in Board of Education of Harrodsburg v. Bentley (supra). As shown above, both the trial court and appellate court denied enforcement of that regulation. It is to be noted the court in the Bentley case also refused to follow State ex rel. Thompson v. Marion County Board of Education (supra) after citing cases from some six states. The court observed: "It may be observed the Tennessee decision just cited is the only one which may be said to lend support to the position of the Board here".

When the applicable statutes are considered together, their clear intent is to require a school board to admit persons six years of age and under twenty-one years of age, provided they, their parents or guardian reside in the district. The rule adopted by the school board here is in violation of these statutory requirements. Whatever our personal views may be, we

conclude the Board was without legal authority to adopt and enforce the rule in question. The rule had the sweeping effect of denying every married student, regardless of the facts or circumstances, at least a portion of a year's education. The rule takes effect immediately upon marriage. The student then "must withdraw from school for the remainder of the school year", without regard to when the marriage took place. We conclude the rule is not in conformity with applicable statutes and is unreasonable and arbitrary.

The judgment of the trial court is reversed and judgment is here rendered that the defendants below be enjoined from enforcing the rule under consideration as it applies to Judy Rae Anderson; and that the defendants admit the said Judy Rae Anderson as a student in the Junior High School of that district.

Reversed and rendered.

## DISSENTING OPINION

NORTHCUTT, Justice.

I respectfully dissent. I regret very much the position this young lady has brought upon herself, but as I view this case the sole question to be determined is whether the rule here involved is unreasonable and arbitrary. The trial court agreed in the hearing of this case that he would consider the testimony of Mr. Huelyn Laycock, Mr. Easton Wall and Mr. Hobart McDonald as being substantially the same as the testimony offered by the school officials in State ex rel. Thompson v. Marion County Board of Education, 202 Tenn. 29, 302 S.W.2d 57 (Tenn.1957). Mr. Wall is principal of Canyon Junior High School. Mr. Laycock is superintendent of schools at Canyon Independent School District, but I do not find in this record just what Mr. McDonald's business is. Mr. Laycock had been in the school business for thirty-five years as a teacher, principal and superin-

tendent. The record does not show Mr. Wall's school teaching experience.

The substance of the testimony given in the Tennessee case above mentioned was that for a period of years previous to the adoption of the resolution there had been a deterioration of discipline and decorum in the schools due to student marriages and that the situation had become such that each of the principals requested the board to adopt the resolution in question. It was further represented to the board by these principals that confusion, disorder, etc. caused by student marriages mostly occurred immediately after the marriage and during the period of readjustment and the influence of married students on the other students is also greatest at that time.

Marriage is an institution in which the public has an interest. For the purpose of protecting children as a whole, the requirement as provided by statute that a child under a certain age must secure the parents' consent, was the reason the law was passed. We do not believe the question here involved is based solely upon the rights of one student to go to school but that we must consider also the effect the action of one child might have upon the other hundreds of children in that school system. We do not believe that Article 2892, V.T.C.S., has any application to the matter here involved. Surely it cannot be contended that a child could not be removed from a certain school if his conduct was such as to disrupt the best interest of the entire school. There is no contention, and I do not even intimate, that this young lady has done anything wrong, but what I am saying is that I believe the rights and interest of the entire student body is to be considered paramount to the rights and interest of one student.

Article 2780, V.T.C.S., provides in part as follows: "Said trustees shall adopt such rules, regulations and by-laws as they may deem proper; and the public free schools of such independent district shall be under their control; and that they shall have the

exclusive power to manage and govern said schools * * *." If the regulation passed was not arbitrary and unreasonable, then it may be enforced. Personally, I believe that the school principals, superintendents, and school officials who deal with the pupils daily and plan for their different courses and general welfare are more competent to say what is reasonable, proper and to the best interest of the whole student body than I am when there is no showing that this rule was passed without due discussion and consideration. If due consideration was given as to why such a rule should be adopted for the best interest of the entire student body, then such action would not be arbitrary. It is stated in the Tennessee case above referred to as follows:

"We are accustomed to accept the testimony of experts in the various fields of human activity as to what is reasonably necessary for the welfare of the particular activity as to which this expert therein is testifying. No reason is suggested as to why this practice should not be followed when the witness is an expert in the field of operating public high schools. Certainly the principals of the high schools in question should be regarded by reason of training, experience and observation as possessing particular knowledge as to the problem which they say is made by the marriage and uninterrupted attendance of students in their respective schools."

I would affirm the judgment of the trial court.