Affirmed and Opinion filed December 23, 2003









Affirmed and Opinion filed December 23, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00167-CV

____________

 

CHRISTOPHER NEAL KINGERY, Appellant

 

V.

 

KIMBERLY COREEN HINTZ, Appellee

 



 

On Appeal from the 247th
District Court

Harris County, Texas

Trial Court Cause No. 02-34408

 



 

O P I N I O N

Appellant Christopher Kingery
filed a petition for divorce from appellee seeking
dissolution of an alleged informal marriage between the parties.  The trial court granted appellee=s motion for summary judgment
and dismissed appellant=s action for divorce with
prejudice, finding that the parties never entered into a ceremonial or
common-law marriage.  In ten issues,
appellant claims the trial court erred in granting summary judgment because the
elements of a common-law marriage were met. 
We affirm.

 








Appellant is presently incarcerated for the offense of
sexual assault of a minorCthe minor complainant is the appellee in this case. 
On July 11, 2002, appellant filed a petition for divorce in an effort to
claim the parties had been legally married. 
In his petition, appellant claims that he and appellee
were parties to an informal marriage and states that Athe issue of divorce has become
a legal priority because of pending . . . criminal issues . . . .@  Appellant notes his conviction is still on
appeal.  Appellant alleges the parties
were married on or about October of 1999, and ceased to live together as
husband and wife on or about April of 2001. 
Appellant states the parties conceived a child on Valentine=s Day of 2000.  At that time, appellant was 36-years old and appellee was 15-years old. 
Appellant contends the parties agreed to become husband and wife, lived
together as husband and wife, and held themselves out publicly as husband and
wife.  Appellant asserts that appellee=s family consented to the
union.  Appellant now seeks dissolution
of the marriage and division of property. 

Although
the parties did live at the same address, appellant was the live-in boyfriend
of her mother.  Appellee
asserts that any sexual relationship between she and appellant occurred without
her mother=s consent or knowledge.  Around April of 2000, appellee=s mother learned that appellee was pregnant and sent her to stay with her
grandparents.  Appellee
terminated the pregnancy.  DNA testing
conclusively established appellant was the biological father of the child.  Criminal proceedings were then brought
against appellant.  Appellant contends
that the marital relationship lasted for another 15 months because, until his
trial, appellee performed Aspousal duties,@ such as Asending letters, phone calls,
visitation, [and providing] financial help.@ 

After
appellant filed for divorce, appellee filed a motion
for summary judgment.  The trial court
granted the motion, finding the parties never entered into a lawful
marriage.  At no time during the alleged
union did appellee reach the age of 18, the age of
consent for an informal marriage. 








Appellant argues the trial court abused its discretion in
granting summary judgment.  The standard
of review for a traditional motion for summary judgment Ais whether the successful movant at the trial level carried its burden of showing
that there is no genuine issue of material fact and that judgment should be
granted as a matter of law.@  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  This court must take as true all evidence
favorable to the nonmovant and must make all reasonable
inferences in the nonmovant=s favor.  See id.  

A common-law or
informal marriage can be established by showing the parties (1) entered into an
agreement to become husband and wife; (2) cohabitated as husband and wife; and
(3) held each other out publicly as husband and wife.  Tex.
Fam. Code Ann. ' 2.401(a)(2) (Vernon 1998). 
However, there is a crucial prerequisite: both parties must possess the
legal capacity to marry.  Villegas v.
Griffin Indus., 975 S.W.2d 745, 749-50 (Tex. App.CCorpus Christi 1998, pet. denied). 








Appellant contends
that, although appellee was under the age of 18, she
had the legal capacity to agree to become his wife.[1]  We disagree. 
The Family Code plainly provides that a person under the age of 18 may
not be a party to an informal marriage.  Tex. Fam. Code Ann. ' 2.401(c)(1).  This age requirement was added by the Texas
Legislature in 1997.  Act of May 26,
1997, 75th Leg., R.S., ch. 1362, ' 1, 1997 Tex. Gen. Laws 5113.[2]  All of the caselaw
cited by appellant on this issue predates the legislature=s passage of a minimum age requirement for
purposes of establishing an informal marriage, and therefore, is inapplicable.[3]  Thus, at the time appellant asserts the
parties entered into an agreement to live as husband and wife, the law
prohibited a person under the age of 18 from doing so.

To counter arguments concerning appellee=s age, appellant
claims that appellee was emancipated and that appellee=s family consented
to the informal marriage.  The cases
cited by appellant regarding emancipation are general contract cases and do not
relate to emancipation in the context of the marriage relationship.  Importantly, the Family Code emancipates a
minor only after she has been married in accordance with the laws of
Texas.  Tex.
Fam. Code Ann. ' 1.104.  Hence, appellee
could only have been emancipated after she entered into a legal marriage.

Appellant asserts appellee=s family gave its consent to the informal
marriage by not seeking to void the marriage when it became aware that he
considered the parties married, presumably when the family discovered appellee was pregnant. 
Appellant cites section 6.102 of the Family Code, an annulment
provision, to support this argument. 
Appellant adds that appellee=s mother specifically consented to the union by
urging appellee to seek medical 








treatment after learning about the pregnancy and
by signing a non-prosecution form with her daughter in appellant=s criminal case. 
Further, appellant claims that appellee=s family cannot now withdraw its consent because
appellee is currently over the age of 18 and a suit
to annul a marriage may not be filed under section 6.102 after the minor
reaches her 18th birthday.  See Tex. Fam. Code Ann. ' 6.103. 
There was no need for appellee=s family to seek annulment of the alleged informal
marriage under section 6.102 because the law never recognized the formation of
such an union.  Moreover, her family=s alleged consent does not meet the legal
requirements for written or judicial consent under the Family Code.[4]  See Tex.
Fam. Code Ann. ' 2.102. 

Treating the evidence favorable to appellant as
true and indulging all reasonable inferences in his favor, we find that appellee did not reach the age of legal capacity during the
alleged informal marriage.  Thus,
appellant and appellee could not have entered into a
common-law marriage as a matter of law, and the trial court did not abuse its
discretion in granting summary judgment. 
We overrule appellant=s issues.  

The judgment of the trial court is affirmed.

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment rendered and Opinion filed December 23, 2003.

Panel consists of Justices Yates, Hudson, and Fowler.











[1]  Appellant argues it is the policy of
the law to look favorably upon marriage and to seek in all lawful ways to
uphold marriages; however, that presumption applies to marriages of lawful ageCthe legislative policy is otherwise
where underage marriages are concerned.  Kissick v. Garland Indep.
Sch. Dist., 330 S.W.2d 708, 711 (Tex. Civ. App.CDallas 1959, writ ref=d n.r.e.).  





[2]  House Bill 891
amended the Family Code in 1997 to add the minimum age requirement of 18 for
informal marriages in Texas.  Id.  The House Committee Analysis indicates that
the bill was to Aprohibit persons under age 18 from entering into a
common-law marriage.  The purpose is to
eliminate common-law marriage as a defense to statutory rape . . . .@  House Comm. On Juvenile Justice & Family
Issues, Bill Analysis,
Tex. H.B. 891, 75th Leg., R.S. (1997).  





[3]  Appellant also
suggests that section 6.102 of the Family Code supports his argument.  That section states:

(a) The court may grant an annulment
of a licensed or informal marriage of a person 14 years of age or older
but under 18 years of age that occurred without parental consent or without a
court order as provided by Subchapters B, E, Chapter 2.

 

Tex. Fam.
Code Ann. ' 6.102 (emphasis added).  Despite the fact that section 6.102 provides
a procedure to annul the marriage of a minor, it does not permit a minor to
enter into a common-law marriage. 
Appellant=s reliance on this code provision is
misplaced.  Section 6.102 merely provides
that a marriage of a minor entered into without parental consent or court
order, but otherwise allowed by law, is capable of being voided.  Subchapter E of the Family Code addresses
informal marriages.  See Tex. Fam. Code Ann. '' 2.401-2.405.  As previously discussed, subchapter E was
amended in 1997 to add the minimum age requirement of 18.  The law does not give a person under the age
of 18 the legal capacity to agree to an informal marriage.  When House Bill 891 added the minimum age
requirement for informal marriages, it deleted the reference to informal
marriages from section 6.101, which provides for annulments of marriages of
persons under age 14.  See Tex.
Gen. Laws at 5113.  The legislature may
have simply overlooked the other reference to informal marriages contained in
section 6.102.  In any event, despite the
apparent inconsistency, our analysis is not affected by this provision regarding
annulments because section 2.401 clearly prohibits a minor from entering into
an informal marriage. 

 





[4]  The Family Code provides mechanisms
for underage applicants to waive the age requirement in order to obtain a
marriage license and legally marry.  Tex. Fam. Code Ann. '' 2.102-2.103.  The age requirement for a marriage license
can be waived if an underage applicant=s parent consents in a sworn, written
declaration.  Id. ' 2.102.  Alternatively, an underage applicant can
petition the court to waive the age requirement and issue an order granting
permission to marry.  Id. ' 2.103.  No court has yet determined whether these
consent provisions can be used in conjunction with an informal marriage.  We need not resolve this issue,
however, because even if the consent provisions apply, appellant has offered no
facts or evidence to show that the age requirement was waived in accordance
with those provisions.  Appellant does
not contend that appellee=s mother filed a sworn, written
consent form nor does he argue that appellee obtained
a court order to waive the age requirement.