**ALVIN INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**Kathy Ann COOPER, Appellee.**

No. 14827.

Court of Civil Appeals of Texas.

Houston.

June 2, 1966.

Joe H. Reynolds, Houston, Reynolds, White, Allen & Cook, Houston, of counsel, for appellants.

James P. Simpson, Simpson, Hancock & Green, Texas City, for appellee.

BELL, Chief Justice.

This is an appeal from a temporary injunction requiring appellant and the members of its Board of Trustees to admit appellee as a student at Alvin High School.

The facts are undisputed. Appellee was in her sophomore year in Alvin High School in January, 1965. At that time she withdrew from school and married John W. Cooper. Subsequently a child was born to the marriage. At the time this suit was filed on January 13, 1966, appellee had filed a suit for divorce against her husband; and since he refused to join her in this suit, she was permitted to sue without his joinder. At the time of suit appellee was 16 years of age.

The trial court overruled a plea that it had no jurisdiction since appellee had not exhausted her administrative remedies. On hearing the injunction asked for was granted.

The only reason appellee was being denied admission was because of a rule adopted by appellants that forbids admission of a married mother. The effect of that portion of the rule as interpreted by the Board of Trustees is to permanently exclude from Alvin schools such persons. The rule reads thus:

"A pupil who marries can no longer be considered a youth. By the very act of getting married, he or she becomes an adult and assumes the responsibility of adulthood. As a married student he or she shall not serve as an officer of the student body or any class or school organization. A married pupil shall not represent the school in an interschool contest or activity and shall not participate in school activities other than regular classes. If a married pupil wants to start her family, she must withdraw from public school. Such a pupil will, however, be encouraged to continue her education in the local adult education program and correspondence courses."

We are concerned only with the last sentence of the rule and its construction by appellants to forever prevent a mother who has a child from re-entering the public high school.

The undisputed evidence shows she cannot be admitted to the adult education program until she is 21 years old. It also shows that the correspondence courses are in homemaking and are not of such a nature as to entitle her to credit for entry into college. The practical and legal effect is that appellee is deprived of a legal education, except as she might obtain it at her own expense in a private or parochial school.

■ Undoubtedly the law of Texas is that in matters of school administration, where there is a question of fact involved, a complainant must exhaust his or her administrative remedies before resorting to the courts for relief. Where, however, there are undisputed facts and there is a pure question of law as to whether the school authority has the legal right to take the action it has, resort may be had initially to the courts. Questions of fact are initially to be determined by the school agencies, but the courts are vested with authority to determine the legal powers of those agencies to take the action they have taken on undisputed facts. This does not mean that the courts will pass on the wisdom of the action taken in the exercise of a legally vested authority. Mission Independent School Dist. v. Diserens, 144 Tex. 107, 188 S.W.2d 568, 161 A.L.R. 877 (S.Ct.); McIntyre v. Hoblinski, 333 S.W.2d 697 (C.C. A.) writ ref.; Bruce et al. v. Stilwell et al., 206 F.2d 554 (5th Cir.); Warren v. Sanger Independent School Dist., 116 Tex. 183, 288 S.W. 159 (Comm.App.) opinion adopted.

■ We are of the view that appellants were without legal authority to adopt the rule or policy that excludes the mother of a child from admission to the school if she is of an age for which the State furnishes school funds. Appellee was when this suit was filed and tried and is now under 18 years of age. She was listed by appellants as a scholastic for whom funds should be available to the school district.

■ It is true as appellants contend that Article 2780, Vernon's Ann.Tex.Civ.St. gives trustees broad powers to enact rules for the administration of school affairs.

Certainly under it rules may be passed that the trustees deem necessary to maintain discipline among students, but this does not mean they may enact a rule the effect of which permanently excludes a person of scholastic age from attendance at school. We think the above statute must be construed in the light of other statutes in determining the authority of the school trustees.

Article 2902 V.A.T.S. provides that all children over six years of age and under 18 years of age at the beginning of the scholastic year *shall be included in the scholastic census and shall be entitled to the benefit of the public school fund for that year*. It further provides that the trustees *shall admit the benefits of the public schools to any person over six and not over 21 years old at the beginning of the scholastic year, if such person or his parents or legal guardian reside within the* * * * *district*. (Emphasis ours).

The effect of this article of the statute is to give the benefits of the public school funds to those persons between six and 18 years of age but it goes further and defines persons who are entitled to admission as those persons within the district or whose parents or guardians are within the district, who are over six years of age and not over twenty-one. Such persons are entitled to admission as a matter of law.

Article 2904 authorizes school districts to admit persons under six and over 21 to school and to provide the conditions for their admission. It then provides that as to such persons as are found to be incorrigible, the trustees may suspend such persons but such suspension shall not extend beyond the current term.

The effect of those statutes when construed together is to require a school district to admit persons over six years of age and under 21 years of age provided they, their parents or guardian reside in the district. The school district is therefore without legal power to adopt the rule involved in this case.

This holding does not mean that rules disciplining the children may not be adopted, but any such rule may not result in suspension beyond the current term.

We do not deem Article 2892 V.A.T.S. as material to this case. It merely requires the attendance at school of children between the ages of 7 and 17 years for at least 165 days per year. We have no case involving this statute. We have a case where a scholastic who is entitled to attend wants to do so but is prevented from doing so by a rule the school district had no legal authority to pass.

The trial court correctly overruled the plea to the jurisdiction and correctly issued its writ.

Affirmed.