

# The Attorney General

# of Texas

CRAWFORD C. MARTIN
ATTORNEY GENERAL

Austin, Texas 78711

January 13, 1970

Honorable J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas

Opinion No. M-552

Re: Whether Article 2922-11a,
Vernon's Civil Statutes,
makes it mandatory for
public schools to.estab-
lish a pre-school program
for eligible children,
and related questions.

Dear Dr. Edgar:

By recent letter you have requested an opinion on the above
stated matter. We quote from your letter as follows:

> "House Bill 240 (Chap. 872, Acts 61st Leg.,
> R.S. 1969) amends the Foundation School Program Act
> in several respects. Section 4 of the Bill incor-
> porates or adds to such Foundation School Act for the
> first time, to be financed in part by State funds, a
> new program referred to in the caption as 'providing
> for a kindergarten program.' Section 4 is codified
> in Vernon's Civil Statutes as Article 2922-11a.
>
> > "(1) Does the cited law make mandatory upon
> > Texas public school districts timely to
> > establish and offer the (kindergarten) pre-
> > school program to eligible children in the
> > district, or is the law permissive making
> > available state aid to such districts as
> > locally may elect to apply for its benefits
> > and operate the program? What year, if any,
> > would the law become mandatory?

"In connection with (1), we are concerned with realistic situations where a school district is unable locally to implement the kindergarten program due to such factors as (a) lack of classroom space, (b) inability to secure qualified teachers for the program, (c) an insufficient number of eligible preschool age children to justify one preschool class, et cetera ...

"2. Does the State Board of Education have authority to adopt formulas for allocation of classroom teacher units, other professional personnel, and teacher-aides for the (kindergarten) pre-school program, or do the allocations prescribed for personnel (for grades one through 12 classes) in Section 2A and Section 2 of House Bill 240 operate to apply to state supported kindergarten programs?"

The pertinent provision of Article 2922-11a, V.C.S., is quoted as follows:

"(a) Beginning with the school year 1977-78, any child in this state over five and under 21 years of age at the beginning of the school year, who has not yet graduated from high school, shall be entitled to the benefits of the Basic Foundation School Program for the ensuing school year. Such eligible child shall be admitted tuition-free to the public schools of the district in which he, his parents or legal guardian, resides. Provided, however, that for the school years 1969-1970 through 1976-1977, the qualifying age limits at the beginning of each school year shall be in accord with the following table:

QUALIFYING AGE LIMITS
AS OF BEGINNING OF SCHOOL YEAR

|  | 1969-70 through 1972-73 | 1973-74 and 1974-75 | 1975-76 and 1976-77 |
|---|---|---|---|
| Beginning Age: | | | |
| Years | 6 | 5 | 5 |
| Months | 0 | 7 | 4 |
| Highest Age: | | | |
| Years | 20 | 20 | 20 |

"(b) Notwithstanding the provisions of Paragraph (a) of this Section, the program of preschool education shall be extended first to 'educationally handicapped' children as preparation for the regular school program in which such children will participate in subsequent years ... The benefits of this program for preschool education shall be extended on a first priority basis to 'educationally handicapped' children below existing age limits as shown in the following table:

QUALIFYING AGE LIMITS
AS OF BEGINNING OF SCHOOL YEAR:

|  | 1970-71 | 1971-72 | 1972-73 and Thereafter |
|---|---|---|---|
| Beginning Age: | | | |
| Years | 5 | 5 | 5 |
| Months | 5 | 2 | 0 |
| Highest Age: | | | |
| Years | 21 | 21 | 21 ..." |

(Emphasis added.)

Your first question, as to whether the statute is mandatory or permissive for the school districts of the State to establish a preschool program as prescribed, requires an analysis of Section (a) quoted above.

The underlined language of Section (a), quoted above, is similar to language found in Articles 2902 and 2904a, Vernon's Civil Statutes (now Section 21.031, Texas Education Code).

Article 2902, V.C.S., has been construed by our courts to require a school district to admit a student, within the prescribed age, provided, the student resides within the school district in question. Alvin Independent School Dist. v. Cooper, 404 S.W.2d 76 (Tex.Civ.App. 1966, no writ); Anderson v. Canyon Independent School District, 412 S.W.2d 287 (Tex.Civ.App. 1967, no writ). Also see Attorney General's Opinion O-1388 (1939).

The rationale of the above cited cases seems to be that a school operating under the Foundation School Program receiving state funds therefrom, must offer the benefits of the program to any child who meets the age and residence requirements prescribed by the Foundation School Program.

Applying the above rationale to the statute in question, it seems clear that by the start of the school year 1977-78 all students between 5 and 21 years of age, as qualified, would be entitled to the benefits of the Foundation School Program which would include a preschool or kindergarten program, and all schools subject to the Foundation School Program would have to provide these students with the benefits of the program.

Consequently, it is our opinion, that the Legislature intended to include the preschool (kindergarten) as a part of the program, to any eligible child whose age and residence requirements are met under the graduated age requirements set out in detail in the statute.

As for the realistic situations, listed in your request, which we quote:

"(a)  Lack of classroom space

(b)  Inability to secure qualified teachers for the program

(c)  An insufficient number of preschool age children to justify a preschool class, etc."

The statute in question does not speak to these practical problems, unless the provisions of graduated age requirements, and priority of educationally handicapped children were intended to alleviate some of the above listed practical problems, which incidentally would seem to be present, notwithstanding the provisions of Article 2922-11a.

It is our opinion, therefore, that the solutions to these practical problems lies with the Legislature, and the statute in question does not recognize these practical situations as per se exceptions to the implementation of the program required by the statute.

Your second question, as to whether the Texas Education Agency has any authority to allocate the necessary teaching personnel to the preschool program or whether such allocation is covered by other provisions of House Bill 240, requires an analysis of Section 2 (Article 2922-14d) and Section 2A (Section 1(1), Article 2922-13) of House Bill 240.

Article 2922-14d, Vernon's Civil Statutes, provides for teacher aides, setting forth a salary and reference is made to the Texas State Public Education Compensation Plan (Article 2922-14c), which provides for various duties of teacher aides.

Section 1(1), Article 2922-13, Vernon's Civil Statutes, provides a detailed system of determining the number of classroom teachers to be utilized by the various schools according to the average daily attendance of students in the schools.

It appears from the above Articles, that the number of classroom teachers to be assigned depends upon the average daily attendance of students in the various schools, and the number of teachers aides depends upon number of classroom teachers assigned under the Foundation School Program.

We were unable to find any provision in Article 2922-11a or any provision in House Bill 240, including Sections 2 and 2A discussed above, which authorizes the Texas Education Agency to determine the allocation of classroom teachers or other personnel to the preschool program.

The allocation of teachers and teachers aides pursuant to the provisions of Articles 2922-13 and 2922-14d based upon average daily attendance is comprehensive enough to cover the preschool programs. In this regard it should be noted that Section C of Article 2922-11a provides that students in the preschool program should be counted for scholastic purposes based on average daily attendance.

It is our opinion that the provisions of Article 2922-13 relating to number of classroom teachers and Article 2922-14d relating to teacher aides would apply to the preschool programs provided for in Article 2922-11a.

## SUMMARY

The provisions of Article 2922-11a, Vernon's Civil Statutes, requires the various school districts in the State that are subject to the minimum Foundation School Program to offer a preschool program to any eligible child meeting the age and residence requirements set out in said Article.

The allocation of classroom teachers and teachers aides provided in Articles 2922-13 and 2922-14d, Vernon's Civil Statutes, based upon average daily attendance would cover the scholastics in the preschool program required by Article 2922-11a.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman

Austin Bray, Jr.
Fielding Early
Jim Swearingen
Larry Camm

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant