

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 8, 1991

Honorable Bill Sims
Chairman
Committee on Natural
  Resources
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-56

Re: Authority of board of trustees of an independent school district to enact and enforce a policy banning the use of tobacco products by district personnel and the general public on all school district property (RQ-165)

Dear Senator Sims:

You have submitted questions to this office regarding the authority of the Kermit Independent School District to enact and enforce a comprehensive "No Tobacco" policy.[1] The policy in question, adopted by the board of trustees on July 18, 1991, reads as follows:

> Use of tobacco products by District staff and the general public shall be prohibited in all enclosed school facilities; open air property, including parking lots, outdoor athletic fields, outdoor seating areas, practice fields, and all school vehicles, including buses. Violation by employees shall result in reprimand or possible suspension.[2]

The policy appears to be responsive to a resolution issued by the State Board of Education on January 12, 1990, encouraging "local boards of trustees of Texas school districts to exercise their authority voluntarily to establish policies that

---

[1]Your original request suggested that the policy had been instituted by the superintendent of the district and questioned his authority to enact and enforce such a rule. As you later informed us that the policy had been adopted by the board of trustees, we address the question of the board's authority in this matter.

[2]Tobacco use by students on school property or at school-sponsored activities, also prohibited by the school district's policies, is statutorily prohibited by Education Code section 21.927.

prohibit tobacco use on school property or at school functions not only by students but also by school personnel, parents, and all others who serve as adult role models for Texas youth." You ask whether the Kermit Independent School District board of trustees has the authority to enact and enforce its "No Tobacco" policy. We conclude that it does.

Under the Education Code, the trustees of an independent school district "have the exclusive power to manage and govern the public free schools of the district" and "may adopt such rules, regulations and by-laws as they may deem proper." Educ. Code § 23.26(b), (d); *see Fisher v. Burkburnett Indep. School Dist.*, 419 F. Supp. 1200, 1202 (N.D. Tex. 1976); Attorney General Opinion JM-773 (1987). Furthermore, subchapter M of the Education Code "Protection of School Grounds and Buildings," in section 21.482(a) provides the following:

> The board of trustees of any school district may promulgate rules and regulations for the safety and welfare of students, employees, and property, and other rules and regulations it may deem necessary to carry out the provisions of this subchapter and the governance of the school.

Thus, a board of trustees may adopt regulations concerning students, district staff, and use of school property. These provisions confer wide discretion on a school board to adopt regulations it believes will promote its policies, as long as those regulations are not arbitrary, unreasonable, or in violation of law. *See, e.g., Ferrell v. Dallas Indep. School Dist.*, 392 F.2d 697, 702 (5th Cir.), *cert. denied*, 393 U.S. 856 (1968) (upholding school regulation concerning hair length); *Wilson v. Abilene Indep. School Dist.*, 190 S.W.2d 406, 412 (Tex. Civ. App.--Eastland 1945, writ ref'd) (upholding school board order requiring students to sign card pledging that they were not and would not become members of any fraternity, sorority, or secret organization not approved by the principal as a prerequisite to participation in extra-curricular activities); *Nacogdoches Indep. School Dist. v. Adams*, 36 S.W.2d 567 (Tex. Civ. App.--1931, writ ref'd n.r.e.) (trustees of public school are vested with discretion not reviewable in absence of abuse, in management, control, and protection of school property); *cf. Anderson v. Canyon Indep. School Dist.*, 412 S.W.2d 387 (Tex. Civ. App.--Amarillo 1967, no writ) (school board was without authority to adopt rule that students who marry during school term must withdraw from school for remainder of school term). *See generally* 65 TEX. JUR. 3d *Schools* §§

97, 103.[3] A court, and not this office in the opinion process, is the appropriate forum for a determination as to whether a particular rule is arbitrary or unreasonable. On its face, the enactment of the "No Tobacco" policy appears to be within the school board's authority.

Likewise, we believe that the board of trustees has the statutory authority to enforce the policy in question. The "No Tobacco" policy provides that "[v]iolation by employees shall result in reprimand or possible suspension." The trustees' authority to manage the schools necessarily includes the authority to enforce its policies through disciplinary action against its employees. Indeed, we note that one of the statutory grounds for discharge of teachers is "repeated failure to comply with official directives and established school board policy." Educ. Code § 13.109. Accordingly, the "No Tobacco" policy is enforceable against school district personnel.

The school board also has the authority to enforce this policy on school property against the general public. As cited above, section 21.482 in Subchapter M of the Education Code authorizes a school board to enact rules and regulations concerning the management of school buildings and grounds. Other provisions in that subchapter concern the enforcement of such rules. Section 21.482(b) provides that

> [a] person who violates any provision of this subchapter or *any rule or regulation promulgated under the authority of this subchapter* is guilty of a misdemeanor and on conviction is punishable by a fine of not more than $200. (Emphasis added.)

Section 21.489 provides that

> [t]he board of trustees of a school district or its authorized representatives may . . . eject any undesirable person from the property [under the board's control] on his refusal to leave peaceably on request.

Finally, section 21.490 provides that

---

[3]*See also* 19 T.A.C. §§ 61.91, 61.144 (schools have the responsibility "to adopt and implement policies designed to protect and promote the health, safety, and well-being" of their students and personnel, respectively).

all officers commissioned by the board of trustees of a school district may be empowered by the board to enforce rules and regulations promulgated by the board. Nothing in this subchapter is intended to limit or restrict the authority of each district to promulgate and enforce appropriate rules and regulations for the orderly conduct of the institution in carrying out its purposes and objectives or the right of separate jurisdiction relating to the conduct of its students and personnel.

These provisions make clear that a school board has the power to insure that its regulations are respected by the general public as well as students and district personnel. You have not informed us of any proposed method of enforcement of the policy against the general public. Our citation of relevant provisions of the Education Code merely demonstrates that school board policies may be enforced against members of the general public within the school district's jurisdiction; it does not reach any questions about the Kermit Independent School District's methods of enforcing the "No Tobacco" policy.

## SUMMARY

The Texas Education Code authorizes the board of trustees of an independent school district to enact and enforce a policy prohibiting students, district personnel, and the general public from using tobacco products on any school district property.

Very truly yours,

Dan Morales

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Faith Steinberg
Assistant Attorney General