**Soni ROMANS, by next friend Alan Romans, Plaintiff,**

v.

**T. C. CRENSHAW, Superintendent and James B. Manley, President of the Channelview Independent School District, Individually and in their respective capacities, Defendants.**

**C. A. No. 71-H-1264.**

United States District Court, S. D. Texas, Houston Division.

Dec. 1, 1971.

Supplemental Opinion Jan. 31, 1972.

Ronald Cohen, Houston, Tex., for plaintiff.

Knipp & Sedgeley (James Kelly and Richard G. Sedgeley), Houston, Tex., for defendants.

HANNAY, District Judge.

MEMORANDUM AND OPINION:

This suit in equity, Title 42, U.S.C.A. Section 1983; Title 28, U.S.C.A. Section 1343, is brought to challenge the federal constitutionality of a regulation promulgated by the defendant independent school district which prohibits "(A)ny student who is married, or has been married, * * * from participating in any extracurricular activities." The ground for challenge is that the regulation violates the equal-protection-of-the-law guarantee of the Fourteenth Amendment to the United States Constitution.

The student plaintiff in this case is a sixteen year old girl. She had married at the age of fifteen and remained married for a period of ten months at which time she was divorced. All of this occurred prior to her matriculation for the first time in Channelview High School in the fall semester of the current school year. It is undisputed that her performance in both conduct and curricular studies this semester has been exceptionally good. By operation of the regulation in question, however, the student plaintiff this semester was systematically excluded from participation in extracurricular activities. This exclusion extended to membership in the chess club, on stage participation in drama and choir class related activities, and competitive eligibility for membership in the National Honor Society. The proof further demonstrated that success in these otherwise innocuous extracurricular activities is an element in determining eventual eligibility for college admission or scholarship.

The defendant school district argues, on the other hand, that it is in a position where it must either encourage or discourage juvenile marriages. It acts categorically. The argument is made that fraternization by married students is disruptive in the context of high school administration. It is argued that it will lead to undue interest in and discussion of sex by unmarried students. But that subject is one of increasing and accepted formal education in the public schools rather than the taboo of yesteryear; and on the debit side that curiosity in its unhealthy expression can be all too easily satisfied at the corner drugstore. In fact the testimony reveals that sex education is taught in the 3rd, 4th and 5th grades in the elementary school. It is argued that marriage by its nature is a time absorbing institution. But here the marriage is no more. It is argued that the natural jealousies of the spouse should not be provoked as such can cause danger to the school environment. But here a spouse is no longer in the equation.

## I.

In the realm of public school administration and discipline the United States Court of Appeals for the Fifth Circuit is clear that the administrative remedies within the educational institution must first be exhausted before recourse may be had to the federal courts for necessarily drastic relief. Stevenson v. Wheeler County Board of Education, 5th Cir., 426 F.2d 1154 (1970), Ferguson v. Thomas, 5th Cir., 430 F.2d 852 (1970), Wood v. Alamo Heights ISD, 5th Cir., 433 F.2d 355 (1970).

The foregoing authorities and others clearly demonstrate that each student administration and disciplinary case must stand upon its own facts. Grooming, demonstration, publication, expression, assembly, political purpose, etc., each has its distinctive features in relation to the balance that must be struck between effective school administration and constitutional right and liberties. Few if any of the foregoing are calculated to affect the individual life of the particular student upon a permanent basis as is the case here.

## II.

The Court can recognize a distinction in the area of extracurricular activities as well as distinctions within particular extracurricular activities. Interscholastic athletic participation is calculated

to draw attention and, with success, even public acclaim. Chess, choir, limited stage participation are outwardly less excitable and glamour ridden activities; and, unlike the required course of physical education, as it might find individual expression in public competition, do not lend themselves to meaningful substitutes from the standpoint of student development. Over generalization in this area is dangerous. A rule that would punish the necessary legitimation of an offspring would in its purblined application effectively reward the bastardizing of it. Nor would such iron-bound generalizing accommodate, or answer to, the legal device of annulment with which the more affluent might confront, even confound, the administrator.

█ █ Where an issue of First Amendment right of expression is effectively raised a burden devolves in some degree upon the party restraining it to justify its action. Tinker v. Des Moines School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731. See also: New York Times Co. v. United States, 403 U. S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971), citing Organization for a Better Austin v. Keefe, 402 U.S. 415, 91 S.Ct. 1575, 29 L.Ed.2d 1. Equal protection for the female must meaningfully recognize the frailties, as well as the prowess, that characterize them. See and compare: Reed v. Reed, 404 U.S. 71, 92 S. Ct. 251, 30 L.Ed.2d 225 (1971). Any such rule must be reasonable and fair.

### III.

█ The evidence and testimony developed at the hearing before the Court does not, however, demonstrate that the Petitioner here is foreclosed from all relief within the framework of the administrative remedies provided by the educational institution involved here. The record is clear that no effort has been made by Petitioner to seek relief by means of invoking the administrative remedies available to her.

The professed purpose of the educational institution here is not to inflict punishment upon the young but to pro-

vide equal education and the best possible education to all of its students upon a nondiscriminatory basis. It should and will have its full opportunity to do so in this case before final action by this Court.

Accordingly, the Court will retain jurisdiction of this case for a period of 30 days pending application by the Petitioner to the educational institution for relief consistent with the remedies provided by it for that purpose.

It is so ordered.

### SUPPLEMENTAL OPINION

ORDER:

There came on for final judgment by this Court the above-styled and numbered cause,

And it appearing that this Court retained jurisdiction of this cause by virtue of its Memorandum and Opinion of date December 1, 1971, Romans et al v. Crenshaw et al, C.A.No.71–H–1264, United States District Court, Southern District of Texas, for the purpose of allowing the parties to exhaust and avail themselves of their available administrative remedies,

And it further appearing that the parties have in consequence properly resorted to their administrative remedies with an extensive evidentiary hearing cumulative to the one previously conducted by this Court, and all of which has been read in full and carefully considered by the Court,

And it further appearing that the Petitioner herein had been legally married for a period of ten (10) months prior to the birth of her child and that said child is now and was at all material times the subject of a legal adoption and therefore participation by Petitioner in extracurricular school activities can be neither a prejudice to nor a neglect of said child nor can it be a distraction of Petitioner from any duty recognized by law,

And it further appearing that the following specific reasons assigned by the Respondents for their adherence to the regulation in question are without ade-

quate support in the proof brought forth in this case:

a. that a spouse is apt to be incited to violence against a teacher. Only one instance shown.

b. that a married student would be naturally inclined to spend a great deal of time with his or her spouse. This reason not applicable in this case.

c. that the example of an early marriage in the public schools tends to encourage and multiply the incidences thereof. The proof does not reveal this to have been, or to now be, the fact of the matter at Channelview High School either in general or in this particular case.

d. that school-age marriages tend to cause school drop-outs. The specific proof in this case does not demonstrate this allegation to have basis in fact.

e. that the marriages cause improper, unhealthy, and ill-advised discussion among students on the subject of sex. The specific proof in this case does not disclose a factual basis for this administrative conclusion,

And it further appearing that the respondent Channelview Independent School District and its subordinate and responsible agencies and agents, parties respondent herein, have not taken and do not propose to take any measures to amend, alter, adapt, or modify the regulation here in question which purports to exclude from *all* extracurricular activities public school students who are married or who have been married,

And it further appearing that the full record developed at the aforementioned administrative hearing discloses no reason why additional evidentiary inquiry is necessary by the Court in this cause,

Wherefore, premises considered,

It is hereby ordered, adjudged, and decreed that:

1. This Court has jurisdiction of the parties and of the subject matter in this cause.

2. That the Findings of Fact and Conclusions of Law contained in this Court's said Memorandum and Order in Romans et al v. Crenshaw et al, C.A.No. 71–H–1264, United States District Court, Southern District of Texas, of date December 1, 1971, are hereby adopted by reference in and for the purposes of this Order and Judgment.

■ 3. That the regulation of the Channelview Independent School District here in question to the effect that

"Any student who is married, or has been married, shall be prohibited from participating in any extracurricular activities."

is violative of the equal protection of the law guarantee as it applies to students in the Channelview High School, a public educational institution in Harris County, Texas, and is in that context unconstitutional, illegal and void. Amend. XIV, U.S.Const.

4. Any and all extracurricular activities cannot rationally or legally be disassociated from school courses proper where they do or may form an element in future collegiate eligibility or honors as here. Such a practice is not only discriminatory on its face but is fundamentally inconsistent with the state's promise of a public education for its youth upon an equal basis.

The record and facts and circumstances in this case disclose no school disciplinary consideration that, under the case authorities, overrides the foregoing principle.

5. Judgment in this cause is for the Petitioner, Soni Romans. The Respondents, individually and severally, are hereby permanently enjoined from enforcing the aforecited regulation pertaining to married students and formerly married students and their contemplated exclusion from any and all extracurricular activities as said regulation

872

would in any manner apply to the Petitioner, Soni Romans.

The foregoing constitutes Findings of Fact and Conclusions of Law. This is and constitutes a Final Judgment herein.