**Nancy Kay HOLT**

v.

**William SHELTON et al.**

**Civ. No. 833.**

United States District Court,
M. D. Tennessee,
Columbia Division.

April 21, 1972.

Walter W. Bussart, Lloyd & Bussart, Lewisburg, Tenn., for plaintiff.

Charles Hampton White, Nashville, Tenn., for defendants.

## OPINION AND ORDER

FRANK GRAY, Jr., Chief Judge.

Plaintiff herein, Nancy Kay Holt, is presently a senior student at the Marshall County (Tennessee) Senior High School. She is married, and, as a result of that fact, she is subject to a regulation in force at her school which, in practical effect, prohibits her from participating in any activities and functions offered by the school, with the single exception of attending classes in subjects for which credit toward graduation is given, and this only after an automatic five-day suspension. It is the position of plaintiff that the effect of the aforesaid regulation abridges her rights as secured by the Constitution of the United States. In consequence, she has filed this action seeking to vindicate those rights which she claims have been violated.

The only relief sought by plaintiff was an appropriate injunction, prohibiting Marshall County school officials from continuing to enforce the provisions of the regulation above mentioned and, thereby, discriminating against her on the basis of her marital status. A hearing was had, and the facts of the case were stipulated. By order entered March 14, 1972, this court ordered that a preliminary injunction issue,[1] noting that final disposition of the action would require additional research and preparation. The court is now of the opinion that the matter is ready for final adjudication and that the plaintiff must prevail.

With the single exception of Johnson v. Board of Education of the Borough of Paulsboro, Civil No. 172–70 (D.C.N.J., filed April 17, 1970), this court is unaware of any recent federal cases dealing with the issues upon which this lawsuit turns.[2] Though defendants have cited several cases decided in the courts of various states, all of which would uphold the regulation herein in question, this court does not find them to be persuasive authority: they are either inapposite or they fail to apply the appropriate constitutional standard.

More specifically, it now seems settled beyond peradventure that the right to marry is a *fundamental* one,

1. The injunction was granted by the use of the following language in the order above mentioned: "Pending further action by this court, defendants, their employees, agents, servants, successors, and any and all persons who may act in concert with them are hereby ENJOINED from enforcing any rule, regulation, custom, or practice the effect of which is to discriminate against plaintiff on the basis of her marital status or otherwise to treat her in any fashion, with respect to school and school-related activities, other than they would treat her were she single."

2. The result in the Johnson case is directly in support of plaintiff's position herein.

as that term is applied in the area of federal constitutional law.[3] Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967). The significance of the concept of a "fundamental" constitutional right is great in the present context, for it determines the constitutional standard according to which the regulation under attack must be judged: any infringement by a state or an arm thereof (as is the Marshall County Board of Education, for purposes of this lawsuit) upon a fundamental right of its citizens is subject to the closest judicial scrutiny. Any such infringement is constitutionally impermissible unless it is shown to be *necessary* to promote a *compelling* state interest. Blumstein v. Ellington, 337 F.Supp. 323 (M.D.Tenn., filed August 31, 1970) (three-judge court), aff'd. sub nom Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L. Ed.2d 274 (1972).

In the case at bar, the regulation which plaintiff is challenging infringes upon her fundamental right to marry by severely limiting her right to an education. The defendants have failed utterly to show that the infringement upon either of these two rights promotes a "compelling" state interest. Indeed, they have failed to show that the regulation in question is even rationally related to—not to mention "necessary" to promote—*any* legitimate state interest at all. Instead, it is apparent that the sole purpose and effect of the regulation is to discourage, by actually punishing, marriages which are perfectly legal under the laws of Tennessee and which are thus fully consonant with the public policy of that State. It is the opinion of the court that such a regulation is repugnant to the Constitution of the United States in that it impermissibly infringes upon the rights to due process and equal protection of the law of those students who come within its ambit.

3. Indeed, it is strongly arguable that the right to an education is, itself, more than a mere "right" but a "fundamental right." Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) ;

It is thus the judgment of the court that plaintiff is entitled to the relief she seeks. Accordingly, it is ordered that the preliminary injunction heretofore issued be made permanent.

*see also* Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed.1970 (1925) ; Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923).