**Timothy G. HOLLON, by next friend, Garland Hollon**

v.

**MATHIS INDEPENDENT SCHOOL DISTRICT et al.**

**Civ. A. No. 73-C-13.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

Jan. 29, 1973.

Nelson R. Sharpe, Kingsville, Tex., for plaintiff.

James P. Ryan, Corpus Christi, Tex., for defendants.

**ORDER**

OWEN D. COX, District Judge.

This action was filed on January 24, 1973. The Plaintiff prayed for a temporary restraining order, which was presented to the Court in chambers in the Victoria Division. It was denied. The Court then set the application for a preliminary injunction down for hearing in open court in the courtroom in Corpus Christi, Texas, on Saturday, January 27, 1973, at 10:00 a. m. Because of the Court's action regarding the temporary restraining order, Plaintiff did not play in the game of Friday night, January 26th.

When the hearing was called, Defendants moved the Court that the action be dismissed, which motion was denied.

The Plaintiff presented to the Court a stipulation between the parties with regard to certain facts here involved; and he relied upon the stipulated facts for his prima facie case. He presented no oral testimony at that time. After the stipulation had been presented and became a part of the record, Defendants, after Plaintiff rested, again moved that this action be dismissed. This motion was also denied. After denial of the second motion, the Defendants then put on the stand Olan McCraw, Jr., Superintendent of Schools of Mathis Independent School District.

Based upon the stipulation and the testimony of Superintendent Olan McCraw, Jr., the Court finds that Plaintiff is a high school student, now a senior, seventeen years of age. He has been active in athletics during the past two years, lettering in football during his junior year and in the fall of his senior year. He lettered last year in basketball and has been playing so far this year. He also participated in the high school baseball team activities.

Plaintiff was married on January 13, 1973. He had his parents' consent and the marriage is lawful and valid under the laws of Texas. He was on the varsity basketball team at the time. Except for this marriage, Plaintiff is eligible for

athletic activities such as basketball and baseball. It is established he is a reasonably good athlete and the Court will accept his representation that he has been contacted by Texas A & I University's Athletic Department, and may be considered for college athletics and perhaps a scholarship there. There is no indication that Plaintiff will not continue his education on the college level.

The Defendant School District has a married student's policy which denies to a married student such as Plaintiff the opportunity to participate in certain extracurricular activities not here in question, and "in any Interscholastic League activities." This policy has been in effect since 1959. There is no reason why Plaintiff should not be entitled to play basketball at this time, and baseball later in the spring, except that he is married and runs afoul of the school policy above described.

The Court further finds that about eighty percent of the students in the school system were on the free-lunch program and the drop-out problem was accentuated by the sizable number of migrant children who attend the school system. Of the twenty-three marriages which occurred in the Mathis High School during the past year, which has just over five hundred students, ten are still in school. In the four preceding years, the student marriages totalled seventy-six (or an average of nineteen per year), and of these marriages only eleven stayed in school.

The drop-out problem in the Mathis High School is serious. Probably thirty percent of the students who start high school will drop out. This problem is more acute at the freshman and sophomore level. But, there is nothing to indicate marriages really contribute much to this situation.

The Court recognizes that the policy regarding married students is based on the School Board's desire to discourage student marriages. This is so because they are satisfied that student marriages contribute to the drop-out problem. And,

because of the high esteem most athletes receive, if an athlete gets married, it may encourage others to do so.

There are arguments on both sides of the question of whether or not Interscholastic League activities—football, basketball, baseball, etc.—are necessarily a part of the overall educational program. There is nothing in the record to show whether physical education or gym, or by whatever name, is for credit or not. And, we don't know if those who participate in Interscholastic League athletics get credit for the physical education by virtue of such participation. The Court is aware this has, in the past, been customarily the case. Athletic contests between schools are governed by the rules of the Interscholastic League. What other activities are within the scope of the Interscholastic League are not before the Court, except that on page 30 of the Defendants' Exhibit 1, reference is made to music contests.

The Court has fully considered this matter. It originally felt this was not a case for abstention, and it hasn't changed its mind. There is a constitutional question here, that is, a deprivation of equal protection under the Constitution.

The Court is aware of the Texas case of Kissick v. Garland Independent School District, 330 S.W.2d 708 (Tex.Civ.App. 1959), and recognizes that it is authority for a denial of the temporary injunctive relief. However, the Court is of the opinion that the cases of Romans v. Crenshaw, U.S.D.C., S.D., Texas, 354 F.Supp. 868 (1972), Roach v. Buffalo, I.S.D., U.S. D.C., W.D., Texas, Civil Action No. 72–W–CA–68; Johnson v. Board of Education of the Borough of Paulsboro, U.S. D.C., New Jersey, Civil Action No. 172–70, unreported; Holt v. Shelton, 341 F. Supp. 821 (M.D.Tenn.1972); and Davis v. Meek, 344 F.Supp. 298 (N.D.Ohio, W.D., 1972), express the more acceptable view at this time.

The basis for each of the Federal District Court decisions varies slightly, some courts finding the denial of equal pro-

tection inherent in such a policy, other courts finding a fundamental invasion of the right to marital privacy and the right to an education, or finding an unconscionable attempt to punish marriages which were both legal and fully consistent with the public policy of the state, but each decision found exclusionary policy from extracurricular activities based upon marriage to be unconstitutional.

The Superintendent and the members of the School Board are certainly to be commended on a consistent effort to meet these most serious problems attendant with the high rate of high school drop-outs. However, this Court has decided there is no justifiable relationship between the marriage of high school athletes and the overall drop-out problem; nor does it appear that preventing a good athlete, although married, from continuing to play in whatever game he may excell, would in any way deter other marriages or otherwise enhance the drop-out problem.

It is, therefore, ordered that the Defendants, Mathis Independent School District, Olan McCraw, Jr., as Superintendent, and V. M. Thyssen, President of the Board, individually and in their representative capacities, are temporarily enjoined from further enforcement of the married student policy of the Mathis School District as to married students who participate in Interscholastic League athletic events, and particularly are said Defendants temporarily enjoined from enforcement of said policy against Plaintiff herein, Timothy G. Hollon, and are temporarily enjoined from prohibiting said Plaintiff from participating in Interscholastic League athletic events of Mathis High School, such as scheduled basketball and baseball games against other high schools.

The temporary injunction granted herein shall issue upon the giving of security by Plaintiff herein, in the amount of Twenty-five Hundred Dollars ($2,500.00) for the payment of such costs and damages as may be incurred or suffered by the Defendants, and each one of them, if they have been wrongfully enjoined.

This Court is of the opinion that this order involves a controlling question of law as to which there is a substantial ground for difference of opinion, in that the Court of Appeals has not yet passed on this specific issue, nor has the Supreme Court of the United States, and that an immediate appeal from this order may materially advance the ultimate termination of the litigation.