Karla A. WRIGHT, Individually and as Next Friend of B.C.W., a minor child, Appellant,

v.

ECTOR COUNTY INDEPENDENT SCHOOL DISTRICT, et al., Appellees.

No. 08–93–00043–CV.

Court of Appeals of Texas, El Paso.

Dec. 15, 1993.

Rehearing Overruled Jan. 12, 1994.

Walter E. Wilson, Odessa, for appellant.

Blake Hansen and Mike Atkins, McMahon, Tidwell, Hansen, Atkins & Fowler, P.C., Odessa, for appellees.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

*OPINION*

KOEHLER, Justice.

This is an appeal from an order denying Appellant's application for writ of mandamus to compel the Ector County Independent School District to admit her minor child to first grade of the public schools and from a take-nothing summary judgment denying Appellants any relief in their petition for damages under 42 U.S.C. § 1983 (1981) and 28 U.S.C. § 1343 (Supp.1993) resulting from Appellees' alleged wrongful acts in denying their application for such admission. We dismiss the appeal from the order denying the application for writ of mandamus because the question is rendered moot by the child's present age, and we affirm the summary judgment.

*Relevant Facts*

Brian Christopher Wright (Brian), a resident of Ector County, Texas, was born on October 20, 1986. He resides with his mother and managing conservator, Karla Ann Wright, Appellant.

During the 1991–1992 scholastic year, Brian attended kindergarten at St. John's Episcopal School, a State of Texas accredited private school. In May 1992, Brian took the "Metropolitan Test" upon which he scored 99 percent. Appellant thereafter sought to have Brian, who would be five years, ten months of age as of September 1, 1992, admitted and assigned to the first grade of one of Appellees' elementary schools. Because of the child's age, Appellant sent a written petition for the assignment to the Board of Trustees of the Ector County Independent School District, requesting a hearing. Appellees advised Appellant that she could appear before them on June 16, 1992. Following her appearance and presentation, she was notified that her petition was denied. Appellant sought a reconsideration. The board allowed her to appear and again present her petition but took no action on her request.

Appellant filed suit, naming the school district, the superintendent, and the Board of Trustees as defendants (Appellees herein), requesting damages under 42 U.S.C. § 1983 and 28 U.S.C. § 1343, and relief by way of a writ of mandamus and/or injunctive relief. In response to Appellees' motion for summary judgment, the trial court in due course issued its order denying Appellant relief on "[a]ll matters pertaining to the Application for Writ of Mandamus." It then granted a final summary judgment for Appellees, and in response to Appellant's request, made findings of fact and conclusions of law.

## POINTS OF ERROR

In her six points of error, Appellant complains that the trial court abused its discretion: first, in failing to find [1] that Appellees abused their discretion in arbitrarily adopting a policy excluding the admission of any child under the age of six years to the first grade; second, in failing to grant her application for a writ of mandamus and/or injunctive relief; third, by finding and concluding that Section 16.003(d) of the Texas Education Code, requiring a child to be at least six years of age to be admitted to first grade, is constitutional in its application to Appellant's child; fourth, in failing to find as a fact and to conclude as a matter of law that Appellees abused their discretion in failing to give Appellant a hearing or due process of law; fifth, in granting Appellees' Motion for Summary Judgment resulting in dismissal of Appellant's 42 U.S.C. § 1983 and 28 U.S.C. § 1343 claims; and sixth, in failing to find that the Gifted and Talented Act created an exception to the rule excluding children under six years of age.

Appellant argues on appeal that the trial court's misinterpretation of the law and the policy of Appellees in excluding all children under six years of age from admission to first grade, particularly without a full hearing, were abuses of discretion.

Appellees in response contend that the trial court correctly found that the board acted appropriately and within statutory guidelines when it denied Appellant's request and that it correctly granted the motion for summary judgment resulting in the dismissal of the 42 U.S.C. § 1983 and 28 U.S.C. § 1343 claims because Appellants' pleadings and evidence failed to show that the board had violated or denied any rights granted to them under the statutes or Constitution.

The issue in this case is whether an independent public school district may deny a five year old, who has completed kindergarten in an accredited private school, the right to the first grade in the public schools without a factual hearing regarding the possible qualifications of the child.

1. By her first, fourth, and sixth points of error, Appellant contends, in effect, that the trial court erred by failing to make additional specific findings of fact and conclusions of law as requested, the court having previously signed findings and conclusions. Where the failure or refusal to make requested specific findings and conclusions does not prevent an appellant from making an adequate presentation of the matter complained of on appeal, no reversible error has occurred. *Tamez v. Tamez*, 822 S.W.2d 688, 692 (Tex. App.—Corpus Christi 1991, writ denied).

In the present case, Appellant does not complain that she is prevented from presenting her case to this Court.

## Standards of Review

 An abuse of discretion occurs when the trial court reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *Dal–Briar Corp. v. Baskette*, 833 S.W.2d 612, 614 (Tex. App.—El Paso 1992, orig. proceeding). However, the reviewing court may not substitute its judgment for that of the trial court on factual issues committed to the trial court's discretion. As a result, an appellant must establish that the trial court reasonably could have reached but one decision. *Walker*, 827 S.W.2d at 839–40. On the other hand, when the trial court's determination of a legal principle is being reviewed, it is not entitled to the same deference. In such matters, the trial court has no discretion. A clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Id.* at 840. *Volcanic Gardens Management Co., Inc. v. Paxson*, 847 S.W.2d 343, 346 (Tex.App.—El Paso 1993, orig. proceeding).

 In our review of a summary judgment appeal, we must determine whether the successful movants in the trial court carried their burden of showing that there is no genuine issue of a material fact and that they are entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant is to be taken as true, and in that connection, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in her favor. *Id.* at 548–49. If the defendants are the movants, they must submit summary judgment evidence disproving at least one element of the plaintiff's theory of recovery or they must plead and conclusively establish each element of an affirmative defense which would defeat plaintiff's cause of action. *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 657–58 (Tex.App.—Dallas 1992, no writ); *Traylor v. Unitedbank Orange*, 675 S.W.2d 802, 804 (Tex.App.—Beaumont 1984, writ ref'd n.r.e.).

 When the summary judgment order does not state the specific grounds on which it was granted, the non-movant on appeal must show that each ground alleged in the motion fails to support the judgment. *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, writ denied); *City of Coppell v. General Homes Corp.*, 763 S.W.2d 448, 451 (Tex.App.—Dallas 1988, writ denied); *Southerland v. Northeast Datsun, Inc.*, 659 S.W.2d 889, 891 (Tex. App.—El Paso 1983, no writ). A summary judgment cannot be affirmed on any grounds not presented in the Motion for Summary Judgment. *Jampole v. Matthews*, 857 S.W.2d 57, 60 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Vendig v. Traylor*, 604 S.W.2d 424, 430 (Tex.Civ.App.—Dallas 1980, ref'd n.r.e.); TEX.R.CIV.P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor....").

## APPLICABLE SCHOOL LAW

In order to give full consideration to the points of error brought to us by Appellant, it is necessary to review some of the applicable statutes which she claims make it an abuse of discretion for the board to have a policy excluding all children under six years of age as of September 1 from first grade and to fail to give Appellant a full hearing as required by due process of law.

Under TEX.EDUC.CODE ANN. § 16.003 (Vernon Supp.1993)[2], a "student" is entitled to the benefits of the Texas Foundation School

---

2. § 16.003. **Student Eligibility**
 (a) A student is entitled to the benefits of the Foundation School Program if he is 5 years of age or older ... at the beginning of the scholastic year....

 ⋅ ⋅ ⋅ ⋅ ⋅

 (d) A child may be enrolled in the first grade if he is at least six years of age at the beginning of

the scholastic year or has been enrolled in the first grade or has completed kindergarten in the public schools in another state prior to transferring to a Texas public school.

Program[3] if he is at least five years of age; however, he "may" be enrolled in the first grade if he is at least six years of age at the beginning of the scholastic year, defined by TEX.EDUC.CODE ANN. § 21.001(a) as September 1 of the instant year to August 31 of the year following.[4] Section 21.040 of the Code then provides that a school board may under such terms as it deems just and proper, admit pupils either over or under the normal school age.[5, 6] School boards are required under TEX.EDUC.CODE ANN. § 21.131 (Vernon 1987) to establish and maintain kindergartens for the training of children in the district "who are at least five years of age at the beginning of the scholastic year."

In her sixth point of error, Appellant refers to "gifted and talented student" programs. Under Section 21.652, school districts in Texas are required to adopt a process for identifying gifted and talented students, as defined by Section 21.651 and to establish a program for those students so identified in each grade level not later than the school year 1990–1991. TEX.EDUC.CODE ANN. §§ 21.651 and 21.652 (Vernon 1987 and Supp.1993).

### ANALYSIS

■ Appellant takes the position that under the foregoing statutes, the Board of Trustees does not have the right, power, authority, and discretion to adopt the policy she claims the board has adopted, totally excluding the admission to the first grade of schools in its district of any and all children who are under the age of six years as of September 1 of the then current year. She seems to argue that the auxiliary verb "may" only gives a school board discretion to differentiate between qualified and unqualified applicants but that a board is required to examine and admit all applicants under the age of six, who are qualified upon such terms and conditions as it may deem just and proper. The Appellees do not dispute the contention that they have such a policy but assert rather that it is totally within the board's discretion whether to admit children over or under the normal school age and if it chooses to do so, it may admit them on such terms and conditions as it deems appropriate, subject to the requirements of Section 21.040.

In support of her position that the board has no discretion to exclude all children under six years of age from the first grade, Appellant cites *Anderson v. Canyon Independent School District*, 412 S.W.2d 387 (Tex.Civ.App.—Amarillo 1967, no writ) and *Carrollton–Farmers Branch Ind. Sch. Dist. v. Knight*, 418 S.W.2d 535 (Tex.Civ.App.—Texarkana 1967, writ ref'd n.r.e.). Both of these cases dealt with the problem in which school boards arbitrarily suspended students of school age for no other reason than that the students became married, despite the provisions of Article 2902, V.A.T.S.,[7] which

3. The Foundation School Program is the basic program of education in Texas that will meet "accreditation and other legal standards," the purpose of which is to guarantee adequate resources to provide each eligible student a basic instructional program and facilities and "access to a substantially equalized program of financing in excess of basic costs...." TEX.EDUC.CODE ANN. §§ 16.001 and 16.002 (Vernon Supp.1993).

4. § 21.001. **Scholastic Year**

(a) The scholastic year shall commence on the first day of September of each year and end on the thirty-first day of August thereafter. TEX.EDUC.CODE ANN. § 21.001(a) (Vernon 1987).

5. § 21.040. **Permissive Attendance**

The board of trustees of any school district may, upon such terms as it may deem just and proper, admit pupils either over or under the school age, either in or out of the district, but in admitting such pupils the board shall see to it that the schools are not overcrowded to the neglect and injury of pupils within the scholastic age.

6. Appellant also makes reference to Title 19 § 129.1 of the Texas Administrative Code in support of her argument. This section was substantially amended, effective February 12, 1992, to the extent that all of the language on which Appellant seems to rely has been deleted. 19 TAC § 129.1 (West 1992).

7. Recodified as TEX.EDUC.CODE ANN. § 21.031 (Vernon Supp.1993) and amended to read in relevant part:

§ 21.031. **Admission**

(a) All children ... who are five years of age or older and under the age of 21 years on the

required school boards to admit to public schools any person over six and under twenty-one years at the beginning of the scholastic year. The respective courts held that the rules adopted by the school boards were in direct violation of the statutory requirements and therefore unreasonable and arbitrary. The instant case is different.

■ The board did not exclude five-year-old children from attending the public schools; it merely denied them admittance to the first grade if they had not attained six years of age before September 1. As previously mentioned, under Section 21.131, school boards "shall establish and maintain" kindergartens for children in the district "who are at least five years of age at the beginning of the scholastic year." This satisfies the requirement that school boards admit to the public schools all persons who are over five years of age as of September 1. Compare the language of Section 21.131 to that of Section 21.136 which states that school boards "may" offer prekindergarten classes, but "shall" offer such classes only if there are fifteen or more identifiable eligible children who are at least three years of age and meet certain other conditions. TEX.EDUC.CODE ANN. § 21.136 (Vernon Supp.1993). Unless the legislature clearly intended otherwise, words used in statutes should be given their ordinary, reasonable meaning. *Inwood North Homeowners' Ass'n, Inc. v. Meier,* 625 S.W.2d 742, 743 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). The ordinary meaning of "shall" or "must" is of a mandatory effect, whereas the ordinary meaning of "may" is merely permissive in nature. *Id.* It is apparent that the legislature, when it adopted and amended the various sections of the Education Code, chose the use of the discretionary "may" and the mandatory "shall" carefully.

While Appellant may not agree that the "may" leaves the decision to admit totally in the hands of the board or trustees, the legislature has provided direction in two places. First the Education Code's application is explained in Section 1.04:

> (a) This code shall apply to all educational institutions supported either wholly or in part by state tax funds unless specifically excluded.

TEX.EDUC.CODE ANN. § 21.040 (Vernon 1987). This warrants the conclusion that the permissiveness of a statutory guideline applies to the institutions referenced in the "Applicability" section. Similarly, Section 23.26(b) endows "trustees" with substantial authority, granting them "the exclusive power to manage and govern the public free schools of the district." TEX.EDUC.CODE ANN. § 23.26(b) (Vernon 1987). *See Colorado Indep. Sch. Dist. v. Barber,* 864 S.W.2d 806 (Tex.App.—Eastland 1993, n.w.h.).

Hence, reading into the permissive language of Section 16.003(d), a requirement or mandate that is not expressed would obviously usurp the powers given school districts. *See Citizens for Better Education v. Goose Creek Consolidated Indep. Sch. Dist.,* 719 S.W.2d 350, 354 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (Courts should not interfere with trustees in the exercise of their broad powers of control and management unless there exists a clear abuse of discretion). Appellant's contention that the legislative reference to a child who "has completed kindergarten in the public schools in another state" created a class of similarly situated persons being treated differently is under the permissive reading of the statutes advocated herein without merit.

Furthermore, if Appellant's argument is sound that a school board must provide five-

---

first day of September of any scholastic year shall be entitled to the benefits of the Available School Fund for that year....

(b) Every child in this state ... who is over the age of five years and not over the age of 21 years on the first day of September of the year in which admission is sought shall be permitted to attend the public free schools....

(c) The board of trustees of any public free school district of this state shall admit into the public free schools of the district free of tuition all persons who ... are over five and not over 21 years of age at the beginning of the scholastic year....

year-old children an opportunity to attend first grade, it can readily be seen that a child attending a private kindergarten would have an advantage over a child attending a public kindergarten since the latter must have been at least five years old when he or she started kindergarten ("at the beginning of the scholastic year"). Section 21.131.

As a result of our review of the statutes and the case law, we conclude that the language of the relevant sections of the Texas Education Code make it abundantly clear that the legislature intended that school boards have wide discretion with respect to the admission of over and underage children to public schools. The same is true with respect to children who although not underage, will not have attained their sixth birthday prior to September 1. We hold that under the applicable statutes, it was within the board's discretion to adopt a policy totally excluding the admission of children to the first grade who had not attained their sixth year prior to September 1. Under those circumstances, the trial court did not abuse its discretion by failing to find that the board did not abuse its discretion. For the same reason, the trial court did not abuse its discretion by failing to grant Appellant's application for writ of mandamus or injunctive relief.

Moreover, we see no merit in Appellant's contention that Section 16.003(d) and the board policy as applied to her child is unconstitutional because it allows the school board in this case to treat five-year-olds from another state differently than her child. A school board is not required by Section 16.-003(d) to admit to first grade five-year-old children from another state who have completed kindergarten but it may do so. There

is no claim or showing that the board has permitted any five-year-old child from another state to enter first grade. The constitutionality of the policy would be called into question only if it were alleged and shown that it was not being applied equally and fairly to all similarly situated five year old applicants. Appellant's first, second, and third points of error are overruled.

■ In her fourth point, Appellant asserts that she and her child were denied a due process hearing, as required by Sections 21.-075, 21.077, and 21.078 [8] and by the Texas and United States Constitutions. This is an interesting contention. Appellant claims that the board has a policy of excluding all children from first grade who have not attained their sixth birthday prior to September 1. Appellees agree that they have such a policy and the trial court so concluded in its Conclusions of Law. Nonetheless, Appellant contends that she and Brian were entitled to an evidentiary hearing. Obviously, it would be pointless for the board to conduct a hearing where it had a policy to exclude all five year old applicants. Because we have concluded that it was within the board's discretion to have that policy, we hold that it was unnecessary to hold a hearing.

It is also interesting to note that although both Appellant and Appellees agree that a hearing was not held, the record and the trial court's findings indicate that the board allowed Appellant to appear and present her case not once but on two occasions, and that following her first appearance, the board split three to three on whether to allow an exception to their policy. This appearance may not amount to the kind of hearing Appellant had in mind, but it certainly appears

---

8. These sections of the Texas Education Code are by their terms applicable only to "the assignment, transfer, or continuance of pupils among and within the schools, or within the classroom and other facilities thereof,...." Tex.Educ.Code Ann. §§ 21.074, 21.075, 21.077, and 21.078 (Vernon 1987). Although Appellant would like to broaden their application to include her petition to admit her child to the first grade, there is nothing in these sections that would indicate that the legislature so intended. To the contrary, the wording of the sections indicates that they are intended to apply only to students who for one reason or another wish or need to transfer or be assigned to another class or another school. As stated in Section 21.074(a), "In conformity with the provisions of Sections 21.075–21.078 of this code, the board of trustees of any school district ... shall have authority to transfer and assign any pupil or pupils from one school facility or classrooms to another within its jurisdiction."

to us that she was afforded a hearing and that the board gave her request close consideration. We overrule Point of Error No. Four.

In her fifth point of error, Appellant asserts that the trial court abused its discretion by granting a summary judgment which resulted in the dismissal of her 42 U.S.C. § 1983 and 28 U.S.C. § 1343 claims.

In this case, Appellees presented two grounds in support of their motion for summary judgment: (1) The trial court was without jurisdiction as Appellant had failed to exhaust her administrative remedies; and (2) no factual issue existed regarding Appellant's right to seek admission of an underage applicant to the first grade in that Appellees adopted a policy of strict exclusion of underage applicants, permissible under Texas law. The summary judgment did not state the grounds on which it was granted. Under the previously enunciated standard of review, the non-movant/appellant must show that neither of the two grounds stated in the motion is sufficient to support the summary judgment as granted. *Carlisle*, 805 S.W.2d at 518.

Considering first the "exhaustion of remedies" ground, Appellees' Motion for Summary Judgment specifically stated that Appellant's administrative remedies were governed by Section 11.13 of the Texas Education Code. Appellant contends that there exist a number of exceptions to the exhaustion of remedies rule under that section of the Code, *citing Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex. App.—Houston [14th Dist.] 1991, writ denied).

In *Mitchison*, a terminated school principal similarly sought relief in the courts without pursuing all administrative remedies found in Section 11.13 of the Education Code. *Id.* The court found that the exhaustion of remedies rule under Section 11.13 was subject to a number of exceptions, including irreparable harm and the federal claims exception. *Id.* The facts of the present case compel analysis under these recognized exceptions. Irreparable harm was present in the proceedings herein because Appellant submitted her petition to have her child admitted to first grade during the summer immediately prior to the beginning of the school year. Due to the fact that the commissioner of education is not authorized to order immediate injunctive relief, an administrative appeal would have offered inadequate relief at best. Irreparable harm is shown when a party demonstrates that an award of damages months later will not provide an adequate remedy. *Houston Federation of Teachers v. Houston Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex.1987). With reference to Appellant's civil rights claims, the United States Supreme Court has held that exhaustion of state remedies is not necessary with regard to an action under 42 U.S.C. § 1983, as alleged in the present action. *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 501–02, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172 (1982). Thus, these two exceptions negate any argument that the trial court could have based the summary judgment on the exhaustion of remedies theory advanced by Appellees.

The crux of Appellees' second ground was that Texas law permits a school district to maintain a policy of excluding all children under six years of age from the first grade, that Appellees have made such a choice, and that affording a petitioner an opportunity to address the board with regard to her petition did not constitute a decision to entertain requests for admission under the permissive admission statutes. *See* TEX. EDUC.CODE ANN. §§ 16.003 and 21.040 (Vernon 1987 and Supp.1993). Appellant presented no evidence that rebutted this ground. The first element, that a school need not entertain admission requests, has been shown to be permissive from the language of Section 21.040.

The second part of Appellees' theory holds that there is no basis for finding that Appellees enacted a policy of hearing all petitions for admission of five-year-old children to the first grade. With regard to Appellees' offi-

cial policy the record does indicate, as Appellant contends, that the district guidelines mirror the language of Section 21.040, including the permissive word "may" governing admissions of underage children. But there is no showing that this recitation constitutes more than a recognition that there exists the permissive right of a school district to allow underage children an assignment. Similarly, allowing a presentation by Appellant at a board meeting does not constitute a reversal of the school's stated position of strict adherence to the general age requirements. The board in this case may have been a possible conduit for bypassing the district's official policy but the fact that it afforded Appellant an opportunity to appear and present her request is not interpreted by us as a modification of that policy. Appellant presented no evidence that Appellees adopted a change in their stated policy. We conclude therefore that in the face of the stated policy, no factual issue exists as to whether Appellant had a right to a hearing and a favorable ruling admitting her child to the first grade.

The question remains as to whether the "deprivation of rights" causes of action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 were properly disposed of by the summary judgment granted in this case. Those federal statutes give a cause of action for damages in state as well as in federal courts, to anyone who claims he has been deprived, under color of state law, of any right or privilege given to him by the Constitution and laws of the United States, including those rights and privileges guaranteed to all citizens by Section 1 of the Fourteenth Amendment to the Constitution. Although Appellant has alleged and argued that she and her child have been deprived of equal rights under Article 1, Section 3 of the Texas Constitution and of equal protection under the laws guaranteed by Section 1 of the Fourteenth Amendment to the United States Constitution, she has agreed that the Appellees have a policy of excluding all five year old children from first grade. Appellees' summary judgment proof has shown and the trial court has found that they have such a policy and we have held

that there is nothing inherently unconstitutional in adopting and maintaining such a policy. It therefore follows that Appellant and her child have not been deprived of any right to be admitted to the first grade and have not been deprived of equal protection because all five-year-old children are treated the same.

Appellant cites *Thomas v. Allen*, 837 S.W.2d 631 (Tex.1992) in support of the proposition that the granting of the summary judgment dismissing her federal claims was erroneous. Her reliance on *Thomas* is misplaced for the simple reason that in that case, the Supreme Court held merely that a trial court in the absence of a valid excuse cannot dismiss a Section 1983 claim for want of jurisdiction. In *Myers v. Adams*, 728 S.W.2d 771 (Tex.1987), a case cited and referred to in *Thomas*, the Supreme Court found such a valid excuse for dismissing a Section 1983 claim in that the plaintiff was unable to show a meritorious claim, a situation somewhat analogous to the facts in this case.

We conclude that the trial court did not err or abuse its discretion as a result of granting a take-nothing summary judgment on all of Appellant's causes of action. Appellant's fifth point of error is overruled.

In Appellant's sixth point, she complains that the trial court erred and abused its discretion by failing to find as a fact and to conclude as law that the legislature, under the gifted and talented student provision of the Texas Education Code, created an exception to the six-year-old rule and that Appellees abused their discretion in failing to apply that act properly to Appellant and her child.

As previously noted, a failure on the part of the trial court to file additional specific findings of fact or conclusions of law as requested, is harmless error if such failure (or refusal) does not prevent the appellant from adequately presenting his contention on appeal. *Tamez*, 822 S.W.2d at 692. The complaint here is that the trial court erred and abused its discretion by not concluding

that the provisions of the Texas Education Code[9] relating to "gifted and talented students" created a mandatory exception to the six year old rule of Section 16.003(d). Appellant apparently argues that since under TEX. EDUC.CODE ANN. § 21.652, school districts are required to adopt a process for identifying "gifted and talented students in the school district's population and, not later than the 1990–1991 school year ... [to] ... establish a program for those students in each grade level[,]" and since public schools are by law required to recognize the credits earned by children transferring from an accredited private school, that an exception to the "six year old rule" is created because age, at least from three years and up, is not a factor to be considered in the placement of a student into a gifted and talented program. In support of this theory, Appellant cites various sections of the Education Code, including the above quoted provisions of Section 21.652 and the requirement of Section 21.653 that students be identified through the use of criteria established by the State Board of Education (TEX.EDUC.CODE ANN. § 21.653 (Vernon 1987)). While the cited statutes clearly require a school board to establish a program for gifted and talented students at all grade levels, Appellant points to nothing in the statutes and cites no case law which would create an exception to the rule requiring a child to be six years old in order to be enrolled in the first grade. Finally, Appellant's assertion that Appellees, by in effect requiring Brian to repeat kindergarten, were violating their own transfer rules which required the district to accept credits earned by students in non-public schools, misses the point. Appellees have never contended, as Appellant argues, that Brian's private school kindergarten credits would not be accepted. Her contention that a refusal to allow a five year old child into the first grade is tantamount to a refusal to accept the non-public

school credits lacks merit. The only dispute is whether the board is required to admit "qualified" five-year-old children to the first grade, not whether non-public school credits are transferable.

Appellant also argues that the removal or lowering of age requirements for handicapped[10] and other children are to be applied to gifted and talented children, since in the "enactment of the gifted/talented section of the Education Code, [the legislature] intended to balance assistance provided for [gifted and talented] children with the assistance it was providing for handicapped and other children...." Appellant claims that this "balancing" was sought in order to achieve "equality" and "efficiency" under the Texas Constitution. Appellant cites no authority in support of her argument that when dealing with gifted and talented children, one should ignore statutory language regarding age requirements. The clear language of Section 16.003(d) establishing that "a child may be enrolled in the first grade if he is at least six years of age at the beginning of the scholastic year" is controlling. Point of Error No. Six is overruled.

Insofar as Appellant's appeal relates to the trial court's denial of her application for writ of mandamus and/or injunctive relief, that portion of the appeal is dismissed as moot because Brian is now seven years of age. The summary judgment of the trial court is affirmed.

---

9. TEX.EDUC.CODE ANN. §§ 21.651–21.655 (Vernon 1987 & Supp.1993).

10. For example, Section 26.64 of the Education Code, dealing with the education and training of handicapped students, which formerly read, "Any handicapped person six years of age or older ..." was amended in 1989 to read, "Any handicapped person not subject to the exceptions in the subsections of this section *may be admitted* into a district for education and training." [Emphasis added]. TEX.EDUC.CODE ANN. § 26.64 (Vernon 1987 & Supp.1993).