

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 29, 2005

The Honorable F. C. Schneider
Caldwell County Criminal District Attorney
Post Office Box 869
Lockhart, Texas 78644

Opinion No. GA-0319

Re: Application of Transportation Code chapter 253 to a subdivision road located partially within a city's boundaries and partially within the city's extraterritorial jurisdiction (RQ-0290-GA)

Dear Mr. Schneider:

You ask about Transportation Code chapter 253, which authorizes a county commissioners court to improve roads in a subdivision in the unincorporated area of a county under certain conditions. *See* TEX. TRANSP. CODE ANN. § 253.003 (Vernon Supp. 2004-05). In particular, you inquire about its application to a Caldwell County subdivision located partly within a city's boundaries and partly within the city's extraterritorial jurisdiction ("ETJ").[1]

You write that the subdivision, known as Skyview Subdivision, and the road are both located partially within the City of Martindale's city limits and partially within the city's ETJ. Request Letter, *supra* note 1, at 1. The City of Martindale ("the City" or "Martindale") is an incorporated Type A city within Caldwell County. *Id. See* TEX. LOC. GOV'T CODE ANN. § 5.001(a) (Vernon 1999) (defining Type A general-law municipality); *id.* ch. 6, subch. A. (Vernon 1999 & Supp. 2004-05) (incorporation as Type A general-law municipality). The City has a population of 953,[2] and its ETJ thus comprises the unincorporated area contiguous to its corporate boundaries that is located "within one-half mile of those boundaries." *Id.* § 42.021(1) (Vernon 1999) (ETJ based on municipality's population). Martindale has no street department and has entered into an interlocal agreement with Caldwell County whereby it pays the county to maintain specific streets within city limits. Request Letter, *supra* note 1, at 1; Interlocal Agreement Between the County of Caldwell and the City of Martindale, April 26, 1993 (attached to Request Letter).

---

[1]Letter from Honorable F. C. Schneider, Criminal District Attorney, Caldwell County, to Honorable Greg Abbott, Texas Attorney General (Nov. 4, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state .tx.us) [hereinafter Request Letter].

[2]TEXAS STATE LIBRARY AND ARCHIVES COMMISSION WEB SITE, *About Texas*, 2000 Census: Population of Texas Cities Arranged in Alphabetical Order, *at* http://www.tsl.state.tx.us/ref/abouttx/popcity12000.html (last visited Mar. 30, 2005).

A group of citizens residing in the Skyview Subdivision has requested Caldwell County to improve the road in the subdivision to bring it up to county specifications, to assume responsibility to maintain the road in the future, and to assess the cost of improving the road against the various property owners in the subdivision. In connection with this request, you raise the following legal issues:

> 1. Is Transportation Code chapter 253 mandatory or permissive?
>
> 2. Does chapter 253 apply to a road in a subdivision that is situated partly within the boundaries of a city and partly within the city's ETJ?
>
> 3. Does chapter 253 apply where the county has an interlocal agreement with the city to maintain its streets?

*See* Request Letter, *supra* note 1, at 3.

We first consider whether chapter 253 of the Transportation Code is mandatory or permissive. Section 253.003 provides as follows:

> If the commissioners court of a county determines that the improvement of a road in a subdivision or of an access road to a subdivision is necessary for the public health, safety, or welfare of the residents of the county, the commissioners court *may* propose to:
>
> (1) improve the road to comply with county standards for roads; and
>
> (2) assess all or part of the costs of the improvement pro rata against the record owners of the real property of the subdivision or a defined part of the subdivision.

TEX. TRANSP. CODE ANN. § 253.003 (Vernon Supp. 2004-05) (emphasis added). *See also id.* § 253.001 (Vernon 1999) (chapter 253 applies only in an unincorporated area of a county). If the commissioners court makes the determination required by section 253.003 and proposes to improve the road and assess the costs according to section 253.003(2), it must publish notice of the proposed improvement and assessment, hold a public hearing to consider the proposal, and send a ballot on the proposal by certified mail to each record owner of real property in the subdivision or part of the subdivision to be assessed. *See id.* §§ 253.004, .005, .006 (Vernon 1999 & Supp. 2004-05). "If a majority of returned ballots are in favor of the improvement and assessment, the commissioners court shall order the improvements and assess the costs of the improvements against the real property owners of the subdivision or part of the subdivision." *Id.* § 253.007(b) (Vernon Supp. 2004-05). A road improved under chapter 253 is a county road, which "[t]he county shall maintain . . . according to county road standards." *Id.* § 253.011 (Vernon 1999).

Section 253.003 states that the commissioners court, if it determines that improving certain subdivision roads is necessary for the public health, safety, or welfare of county residents, "may propose" to improve the roads to comply with county standards and assess the costs against property owners of the subdivision. The term "'[m]ay' creates discretionary authority or grants permission or a power," while "'[s]hall' imposes a duty." TEX. GOV'T CODE ANN. § 311.016(1)-(2) (Vernon 2005). *See Wright v. Ector County Indep. Sch. Dist.*, 867 S.W.2d 863, 868 (Tex. App.–El Paso 1993, no writ) ("ordinary meaning of 'may' is merely permissive in nature"). Section 253.003 is permissive, not mandatory. Chapter 253 authorizes but does not require the commissioners court to propose improving subdivision roads in an unincorporated area of the county and assessing the costs against property owners.

We next consider whether chapter 253 applies to a road in a subdivision that is situated partly within the boundaries of a city and partly within the city's ETJ. Chapter 253 "applies only to a subdivision, part of a subdivision, or an access road in an unincorporated area of a county." TEX. TRANSP. CODE ANN. § 253.001 (Vernon 1999). Thus, it does not apply in the part of the subdivision located within Martindale's boundaries.

A city's ETJ is, however, an "unincorporated area that is contiguous to the corporate boundaries" to a certain distance. Thus, on its face, chapter 253 applies to the part of a road that is within the city's ETJ. Chapter 253 moreover applies to *"part of a subdivision . . . in an unincorporated area of a county." Id.* (emphasis added). The commissioners court may propose to "assess all or part of the costs of the improvement pro rata against the record owners of the real property of . . . *a defined part* of the subdivision." *Id.* § 253.003 (Vernon Supp. 2004-05) (emphasis added). Chapter 253 thus would allow a county to improve the part of the road that is within the unincorporated area of the county, even though it is within a city's ETJ.

A difficulty arises, however, when the city in question has adopted a subdivision ordinance and extended it to its ETJ. Chapter 253 authorizes the county to improve subdivision roads "to comply with *county* standards for roads." *Id.* (emphasis added). A road improved under chapter 253 "is a *county road*" and "[t]he county shall maintain the road according to *county road standards*." *Id.* § 253.011(a)-(b) (Vernon 1999) (emphasis added). County road maintenance standards clearly apply to subdivision roads maintained under Transportation Code chapter 253. Cities are, however, authorized to adopt rules governing plats and subdivisions within their boundaries and to extend these rules to the ETJ. *See* TEX. LOC. GOV'T CODE ANN. §§ 212.002 (Vernon 1999), 212.003(a) (Vernon Supp. 2004-05). The City of Martindale has done so. *See* MARTINDALE, TEX., SUBDIVISION ORDINANCE § 13 (1984) (on file with Opinion Committee). To the extent that Martindale's subdivision ordinance establishes road standards that are inconsistent with Caldwell County road standards, the county may not improve the subdivision roads pursuant to chapter 253 of the Transportation Code.

We note that section 242.001 of the Local Government Code requires a county that regulates subdivisions and a municipality within the county's boundaries to execute an interlocal agreement identifying whether the county or the municipality has authority to regulate subdivision plats and

approve related permits for subdivisions within the city's ETJ.[3] *See* TEX. LOC. GOV'T CODE ANN. § 242.001(b)-(d) (Vernon Supp. 2004-05). *See generally* Tex. Att'y Gen. Op. No. GA-0230 (2004) at 3-4 (discussing Local Government Code chapter 242). Caldwell County and Martindale could agree today, pursuant to section 242.001, which entity's road regulations would apply in Martindale's ETJ. Pursuant to section 242.0015(a), cities with an ETJ of less than 3.5 miles are required to execute the agreement by January 1, 2006, or the parties must arbitrate the disputed issues. *See* TEX. LOC. GOV'T CODE ANN. § 242.0015(a) (Vernon Supp. 2004-05). *See also* Tex. Att'y Gen. Op. No. GA-0230 (2004) at 4 (determining deadlines under section 242.0015).

We finally consider whether Caldwell County's interlocal agreement with Martindale to maintain specific city streets affects the application of Transportation Code chapter 253. Chapter 253 applies only to a road in an unincorporated area of a county. *See* TEX. TRANSP. CODE ANN. § 253.001 (Vernon 1999). You inform us that the interlocal agreement provides for maintaining "certain designated roads within the city limits of the City of Martindale." Request Letter, *supra* note 1, at 2. Thus, the interlocal agreement between Caldwell County and Martindale applies to roads that are not subject to chapter 253 of the Transportation Code, and it does not affect the application of chapter 253 to subdivision roads in the unincorporated part of Caldwell County.

---

[3]Subsections 242.001(b)-(g) do not apply to certain categories of counties. *See* TEX. LOC. GOV'T CODE ANN. § 242.001(a) (Vernon Supp. 2004-05).

## S U M M A R Y

Chapter 253 of the Transportation Code permits, but does not require a county to improve roads in a subdivision in the unincorporated area of the county and to assess the costs against property owners of the subdivision. Chapter 253 applies to the part of a road situated in the county's unincorporated area, even though the remainder of the road is situated within the boundaries of a city. Chapter 253 authorizes the county to improve subdivision roads to county standards. If the road is partly located within the extraterritorial jurisdiction of a municipality that has extended its road construction standards into its extraterritorial jurisdiction, the county may not maintain the road to the extent that city road construction standards are inconsistent with county standards.

A county's interlocal agreement to maintain streets within a city's limits does not affect the application of chapter 253 to subdivision roads in the unincorporated part of the county.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee